Sweet and others *vs.* Spence and others.

An agreement by borrowers, to pay to the lender one-third of the profits of their business as copartners, in addition to the legal interest, for the use of the money loaned, is usurious and void.

And a promissory note, given by the borrowers, in pursuance of such an agreement, being void, furnishes no consideration for a note given by third persons to the lender, on the purchase of the original note by them. Smith, J. dissented.

MOTION by the defendants for a new trial, ordered to be heard here in the first instance.

*A. T. Knox,* for the plaintiffs.

*J. T. Miller,* for the defendants.

Welles, J. The action is on a note made by the defendants for $522.87, dated February 29th, 1856, payable to Jeremiah Miller or bearer, one year from date with interest, and transferred by Miller to the plaintiffs. On the trial the execution of the note by the defendants was admitted by their counsel, and it was admitted that the note came to the plaintiffs' possession after it was due. The counsel for the defendants then stated the grounds of their defense as contained in the answer, to which the plaintiffs' counsel objected, upon the ground that the facts stated in the answer did not constitute a defense. The court sustained the objection, and the defendants excepted. The defendants then offered to prove each and every allegation in their answer, except the allegation that the plaintiffs were not the owners of the note—no question being made by them of that fact—for the purpose of having submitted to the jury, under the charge of the court, some or one of the several questions of fact, mentioned in the offer, which the court overruled and the plaintiffs' counsel excepted. The court held that the answer did not state facts sufficient to constitute a defense, and directed a

Sweet *v.* Spence.

verdict in favor of the plaintiffs for the amount of the note and interest. The answer denies each and every allegation in the complaint, except as is thereinafter stated; and for a further answer, the defendants say that the note in the complaint mentioned is wholly void for fraud and want of consideration arising upon the facts thereinafter stated, and that the said note had not any other or different consideration than that afterwards mentioned in the answer. The answer then goes on to state, that before the making of the note, and about the first day of February, 1855, " it was corruptly and against the form of the statute in such case made and provided, agreed by and between the payee of the note, *Jeremiah Miller, therein mentioned, and one Aaron B. Neal and one Gideon O. Spence, then being copartners together, under the name of A. B. Neal & Co.*, in the business of making and vending melodeons, at Elmira, N. Y., that the said Jeremiah Miller should lend and advance to the said A. B. Neal & Co. about the sum of five hundred dollars, and that the said A. B. Neal & Co. should repay the same and interest, to be computed at and after the rate of seven dollars for the use of one hundred dollars for one year, and in addition thereto, the one equal third part of all and singular the net profits and income arising from and upon the said business of said A. B. Neal & Co., be the same more or less; the said profit to be accounted for, and the said extra payment to be made to said Jeremiah Miller at the end of each year." The answer proceeds further to state, that in pursuance of such agreement, Miller lent and advanced " to the said A. B. Neal & Co.," about the 21st of February, 1855, about the sum of $100, and about the 1st day of April the same year the further sum of $400, and in consideration thereof, and in pursuance of said agreement, " the said A. B. Neal & Co." then made and delivered to said Miller their note or notes for the amount so loaned and advanced, payable with legal interest; and further agreed, in pursuance of the first mentioned agreement, to pay

said Miller the one-third of the annual profits of the said business of " the said A. B. Neal & Co." &c. The answer further states, that afterwards, and on the 29th of February, 1856, the note in question was given to Miller in exchange for the note or notes of A. B. Neal & Co., and that the said Aaron B. Neal and Gideon Spence were at the time insolvent and utterly unable to pay their said note or notes to the said Jeremiah Miller. The answer contains further allegations touching the manner and circumstances under which the note was obtained, but which are not necessary to be referred to in this connection. The positions of the defendants on this part of the case are, that the note or notes given by A. B. Neal & Co. for the $500 advanced by Miller to them, was part and parcel of a usurious transaction, and therefore void; that the usury consisted in the agreement of A. B. Neal & Co. to pay to Miller one-third of the profits of their business as co-partners, in addition to the legal interest of 7 per cent *per annum*, for the use and forbearance of the money advanced, and the consideration of the note in question being the note or notes of Neal & Co., and as this note was given to Miller, who was a party to the usurious transaction, it is, equally with the first note, affected with the taint of usury; that whether the note in question, upon which the action was brought, was affected with usury or not, there was no legal consideration to support it, and the same was void or voidable for that reason. The plaintiffs' answer to these positions is, 1st. That the answer of the defendants shows that at the time of the transactions set forth in the defendants' answer in this respect, Miller was one of the firm of A. B. Neal & Co., and that being so, usury cannot be predicated of the transactions stated, between the partners; 2d. If there was usury in the original transaction between A. B. Neal & Co. and Jeremiah Miller, the defendants, who are entire strangers to the matter, are not in a situation to avail themselves of it, as a defense to the note. For the purpose of deciding this

case, the facts stated in the answer, and nothing more, must be taken as true. Although, from the manner in which the facts are stated, there may be doubt whether Miller was a member of the firm of A. B. Neal & Co., still I incline to think upon the whole answer that such was not the fact. The defendants' counsel denies that the answer shows him to be such partner, and the plaintiffs' counsel alleges it does. It is a question of the proper reading of the language of the answer. If Miller was a partner, then clearly the answer does not show a case of usury. It is quite apparent to me that the pleader did not intend by the answer to convey the idea that Miller was such partner. If he was, then the original indebtedness was of the whole firm, Aaron B. Neal, Gideon Spence and Jeremiah Miller, to the same Jeremiah Miller. If that were so, it is not perceived how Jeremiah Miller could be the creditor of the firm to the whole amount of the advance of $500. The answer in the forepart may be read, that the three were partners, or that Aaron B. Neal and Gideon Spence were the partners. I think it is competent, for the purpose of ascertaining the intention of the pleader on this point, to refer to another part of the answer not connected with the allegation of usury, where the original debtors are mentioned by name as being unable to pay their said notes or any part thereof. Assuming, then, that Miller was not a partner or member of the firm of A. B. Neal & Co., I think the agreement set up in the answer, for the advance of the $500, and taking the note or notes therefor, was usurious and void, and could not have been enforced against the firm or members of it. The agreement was to pay and receive more than the legal allowance for the forbearance. In this point of view it was quite immaterial whether the business of the firm resulted in any net profits, or produced any income, or not. The agreement looked to net profits and income in express terms as a part of the consideration for the forbearance by Miller. Net profits were contemplated, and the agreement

is to be interpreted in view of existing facts at the time it was made.

But there is another question, to me more difficult to determine, and that is, whether these defendants can take advantage, as a defense of usury in the note in question, of the usury in the transaction between Miller and A. B. Neal & Co. It does not appear that they (Neal & Co.) had any agency in obtaining the note in question of the defendants, or that they had any knowledge of the fact; nor is there any thing in the answer showing that these defendants had any knowledge or notice of the usury in the transactions or agreement between Miller and Neal & Co. The case, so far as the question of usury is involved, as between the parties to this action, stands thus: Miller held the note or notes against Neal & Co. which was overdue and infected with usury. These defendants voluntarily, and without the agency or knowledge of Neal & Co., gave to Miller the note in question, the consideration of which was the transfer by Miller to them, at the same time, of the note or notes of Neal & Co. Miller was a party to the usury, and therefore cannot plead ignorance that the whole consideration of the note taken of these defendants was void and inoperative.

Without deciding whether the answer shows a usurious agreement between Miller and the defendants, yet the whole consideration of the note was illegal and void. Neal & Co.'s notes were entirely worthless in the hands of the defendants or in the hands of any one else. Miller knew it, or was bound to know it. But whether he knew it or not, the law so adjudges, and decides that the promise of these defendants contained in their note, upon which the present action is brought, was without any legal consideration to uphold it. This is on the assumption that the facts stated are true. The defendants offered to prove them, and were not permitted. If they had proved them, they would have been entitled to the verdict of the jury. We think the judge at the circuit

erred in excluding them, and for that reason there should be a new trial, with costs to abide the event.

JOHNSON, J. concurred.

SMITH, J. dissented.

New trial granted.

[MONROE GENERAL TERM, March 5, 1860. *Welles, Smith* and *Johnson,* Justices.]